UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| INFENERGY, LLC,<br><br>    **Plaintiff,**<br><br>**Versus**<br><br>INVENERGY LLC,<br>    **Defendants.** | CIVIL ACTION NO. 24-1408<br><br>DISTRICT JUDGE _____<br><br>MAGISTRATE JUDGE _____ |

**COMPLAINT FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT**

  Plaintiff, Infenergy, LLC ("Plaintiff"), by and through its undersigned counsel, hereby files this Complaint for Declaratory Judgment against Defendant, Invenergy LLC ("Defendant"), and alleges as follows:

**NATURE OF THE CASE**

  1 This is an action for declaratory judgment of noninfringement of trademark and trade dress rights arising under the Lanham Act, 15 U.S.C. § 1051 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

  2 Plaintiff seeks a declaration that its use of the INFENERGY mark and associated trade dress does not infringe upon Defendant's registered INVENERGY trademark or common law trade dress rights, and that Plaintiff's use of its mark and trade dress does not constitute unfair competition or false designation of origin under 15 U.S.C. § 1125(a).

**PARTIES**

  3 Plaintiff Infenergy, LLC is a limited liability company organized and existing under the laws of the State of Florida that is registered to do and is doing business in Louisiana, with its

1

principal place of business at 5448 Provine Place, Suite A, Alexandria, LA 71303. Additionally, Plaintiff's members are residents of Louisiana.

4. Upon information and belief, Defendant Invenergy LLC is a limited liability company organized and existing under the laws of the State of Illinois, with its principal place of business at One South Wacker Drive, Suite 1800, Chicago, IL 60606.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Lanham Act, 15 U.S.C. § 1051 et seq. This Court also has jurisdiction under 28 U.S.C. §§ 2201 and 2202 because this is an action for declaratory judgment.

6. This Court has personal jurisdiction over Defendant because Defendant has purposefully directed its activities toward the State of Louisiana, including sending a cease-and-desist letter to Plaintiff in this district and threatening to sue Plaintiff if it continues to use its mark. Additionally, upon information and belief, Defendant is doing business in this district. These actions demonstrate that Defendant has purposefully availed itself of the privilege of conducting activities within this judicial district, thereby invoking the benefits and protections of its laws.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to the claim occurred in this district, and because Defendant is subject to personal jurisdiction in this district.

## FACTUAL BACKGROUND

### *Plaintiff's Business and Trademark*

8. Plaintiff registered Infenergy LLC as a business entity in the State of Florida on March 10, 2021.

9    Since its inception, Plaintiff has continuously and substantially exclusively used the INFENERGY mark in connection with solar energy installations for residential homes focused on energy efficiency.

10   Plaintiff's business is focused solely on residential installations. Plaintiff does not own or operate large-scale solar farms or utility-grade power generation facilities.

11   The INFENERGY word mark is a play on words for "infinite energy," emphasizing the renewable and sustainable nature of solar energy.

12   Plaintiff's logo consists of an infinity symbol with stylized ends resembling a light bulb socket and a plug, connected by a yellow lightning bolt in the middle. The INFENERGY text is displayed beneath the symbol, with "INF" in white and "ENERGY" in a yellow color, further emphasizing the notion of "infinite energy," as follows:



13   Plaintiff's business uses a distinctive trade dress consisting of a color scheme of yellow and gray. This color scheme is consistently applied throughout Plaintiff's marketing materials, including its logo, website, and related marketing. The yellow in the text and lightning bolt resembles a shade of lemon yellow, a vivid and slightly warm yellow hue (collectively, "Plaintiff's Trade Dress").

### *Defendant's Business and Trademark*

14   Upon information and belief, Defendant Invenergy LLC is a limited liability company registered in Illinois.

15 Upon information and belief, Defendant uses its INVENERGY mark in connection with utility-scale energy projects, including the development, construction, and operation of large-scale power plants such as wind farms, solar farms, and natural gas facilities.

16 Upon information and belief, Defendant does not install residential solar panels. Instead, Defendant builds and manages large-scale renewable energy projects to generate power for utilities, grid operators, and large industrial customers. Defendant also develops energy storage systems and transmission infrastructure to support clean energy distribution.

17 Defendant owns a federal trademark registration for INVENERGY (Reg. No. 2,949,358), issued on May 10, 2005 with a claimed date of first use of October 31, 2003, for use in connection with "Generating electricity" in International Class 040.

18 Defendant also owns a federal trademark registration for INVENERGY (Reg. No. 6,692,469), issued on April 5, 2022 with a claimed date of first use of January 31, 2003, for use in connection with various services in International Classes 035, 036, 037, 039, and 042, including business management consulting on energy usage, financing of energy projects, construction of power plants, distribution of energy, and engineering services relating to energy supply systems.

19 Upon information and belief, the INVENERGY name is a fusion of "innovation" and "energy," as Defendant's marketing strongly implies a focus on innovation in the energy sector.

20 Defendant's logo features a minimalist design with the company name written in a serif font. The most notable feature is the use of a green lowercase "e" in the middle of the word, while the rest of the letters are in black, as follows:

# Invenergy

21    Defendant's business uses a color scheme consisting of yellow and dark green. This color scheme is found throughout Defendant's marketing materials (collectively, "Defendant's Trade Dress").

22    On July 9, 2024, Defendant sent Plaintiff a cease-and-desist letter alleging that Plaintiff's INFENERGY mark infringed upon Defendant's federal registrations for INVENERGY.

23    In its letter, Defendant claimed that there is a "substantial likelihood of confusion" between the parties' respective marks, and that Plaintiff's mark "is likely to cause confusion in the marketplace and dilute [Defendant's] rights to its unique and well-known INVENERGY trademark."

24    Defendant demanded that Plaintiff "immediately cease using the INFENERGY trademark and the domain name www.infenergy.net."

25    Plaintiff disputes Defendant's allegations of trademark infringement and maintains that there is no likelihood of confusion between the parties' marks or trade dress.

26    Since beginning its use of the INFENERGY mark in March 2021, Plaintiff is not aware of any instances of actual confusion between its mark and Defendant's INVENERGY mark. Despite operating in the residential solar energy industry for over three years, Plaintiff has not received any communications from consumers, vendors, or any other parties indicating confusion between the two companies or their respective marks.

## **CLAIMS FOR RELIEF**

### **COUNT I: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF TRADEMARK**

27     Plaintiff repeats and realleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

28     An actual and justiciable controversy exists between Plaintiff and Defendant regarding whether Plaintiff's use of the INFENERGY mark infringes Defendant's rights in its INVENERGY mark.

29     Plaintiff's INFENERGY mark does not infringe Defendant's INVENERGY mark because:

a)   The marks are visually and aurally distinct;

b)   The parties operate in different market segments within the broader energy industry;

c)   The parties' services are marketed to different consumers through different channels of trade;

d)   The consumers of the parties' respective services are sophisticated buyers in the energy industry, unlikely to be confused by superficial similarities in marks;

e)   There is no evidence of actual confusion between the marks; and

f)   Defendant's mark is not famous or distinctive to the degree that would support a claim of dilution.

30     Accordingly, Plaintiff is entitled to a declaratory judgment that its use of the INFENERGY mark does not infringe Defendant's trademark rights under 15 U.S.C. § 1114 or § 1125(a), and does not dilute Defendant's mark under 15 U.S.C. § 1125(c).

### **COUNT II: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF TRADE DRESS**

31     Plaintiff repeats and realleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

32      An actual and justiciable controversy exists between Plaintiff and Defendant regarding whether Plaintiff's Trade Dress infringes Defendant's Trade Dress rights.

33      Plaintiff's Trade Dress does not infringe Defendant's Trade Dress because:

a)  Although both parties use a shade of yellow in their trade dress, the differences in the overall design, layout, and additional colors used are sufficient to obviate any likelihood of confusion;

b)  The overall look and feel of the parties' respective trade dress is distinct;

c)  The parties' services are marketed to different consumers through different channels of trade;

d)  The consumers of the parties' respective services are sophisticated buyers in the energy industry, unlikely to be confused by superficial similarities in marks;

e)  There is no evidence of actual confusion between the parties' trade dress; and

f)  Defendant's trade dress is not famous or distinctive to the degree that would support a claim of dilution.

34      Accordingly, Plaintiff is entitled to a declaratory judgment that its use of Plaintiff's Trade Dress does not infringe Defendant's Trade Dress rights under 15 U.S.C. § 1125(a), and does not dilute Defendant's Trade Dress under 15 U.S.C. § 1125(c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant as follows:

a)  Declaring that Plaintiff's use of the INFENERGY mark does not infringe Defendant's trademark rights under 15 U.S.C. § 1114 or § 1125(a);

b)  Declaring that Plaintiff's use of the INFENERGY mark does not dilute Defendant's mark under 15 U.S.C. § 1125(c);

c)  Declaring that Plaintiff's use of its Trade Dress does not infringe Defendant's trade dress rights under 15 U.S.C. § 1125(a);

d)  Declaring that Plaintiff's use of its Trade Dress does not dilute Defendant's trade dress under 15 U.S.C. § 1125(c);

e)  Enjoining Defendant from asserting its trademark or trade dress rights against Plaintiff based on Plaintiff's use of the INFENERGY mark or Plaintiff's Trade Dress;

f)  Awarding Plaintiff its costs incurred in this action; and

g)  Granting such other and further relief as the Court deems just and proper.

Dated: October 15, 2024                     Respectfully Submitted,

*/s/ Brad E. Harrigan*
Brad E. Harrigan (Bar No. 29592)
**TOLAR HARRIGAN & MORRIS LLC**
8630 Oak Street
New Orleans, LA 70118
Telephone: (504) 571-5317
Facsimile: (504) 571-5437
bharrigan@nolaipa.com

*Counsel for Plaintiff Infenergy, LLC*